In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00114-CV
_____

IN THE INTEREST OF F.S., M.S., AND A.S.

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 19-12-16453-CV

## OPINION

In suits to terminate a parent-child relationship, section 263.401(a) of the Texas Family Code generally requires the trial of the case to begin by the first Monday following the one-year anniversary of the day the trial court signed the temporary order appointing the Department as the child's temporary managing conservator.[1] But one of the exceptions to the above rule—call it the automatic-one-year-dismissal deadline or the

---

[1] *See* Tex. Fam. Code Ann. § 263.401(a).

1

automatic-dismissal deadline—allows trial courts to extend the deadline by finding that *extraordinary circumstances* and *good cause* require allowing the child to remain in the Department's custody.[2] While the findings must be made if the trial has not started by the automatic-dismissal deadline or the suit is dismissed, the statute's terms do say that trial courts must state their findings in writing or state them orally when they rule on a motion to extend the statutory deadline.[3]

At issue in this appeal is whether the findings in section 263.401 may be inferred from the record before us in this appeal. For the reasons explained below, we hold the findings may be inferred when the record shows a party filed a written motion before the automatic-dismissal deadline, asked the trial court to retain the case on its docket under Family Code section 263.401 because *extraordinary circumstances* and

---

[2]*Id*. § 263.401(b) (emphasis added).

[3]*See id*. § 263.401. While the Legislature amended section 263.401 by adding section 263.401(b-3) to the statute after the Department filed this suit, the amendment relevant to analyzing whether the findings required by the statute may be implied when supported by the record were not changed by the amendment. No changes were made to subsections (a) and (b) when the Legislature added subsection (b-3) to the statute. *Compare* Act of April 28, 2021, 87th Leg., R.S., ch. 8, 2021 Tex. Gen. Laws 15, *with* the current version at Tex. Fam. Code Ann. § 263.401. Thus, when referring to section 263.401 we cite to the current version of the statute.

*good cause* required it to do so, the trial court orally granted the motion, and the statements made by the court during the hearing support inferring the trial court found the grounds alleged in the motion for extending the automatic-dismissal deadline had merit.[4]

Background

In December 2019, the police notified the Department that Mother had been arrested after she was found with her three children, who were then three, two, and one-month old. Because police put Mother in jail and the Department couldn't find Father, the Department filed an affidavit supporting the petition it filed seeking an emergency order authorizing the Department to remove the children from their home. According to the caseworker who signed the affidavit of removal, the police told her that Mother, when the police picked her up, "had pills on her."[5] After the Department sued, the Montgomery County district clerk assigned the case to the County Court at Law Number 3.[6] The judge of that court

---

[4]*Id.*

[5]The record does not state what the charges were that resulted in Mother's arrest.

[6]The county courts at law in Montgomery County have concurrent jurisdiction in district courts in family law cases, and the district clerk, which is where the Department filed its petition and accompanying

3

granted the Department's request for an emergency order, appointed the Department as the children's temporary managing conservator, and on grounds of emergency ordered the children removed from their home. By appointing the Department as the children's temporary managing conservator, the trial court started the clock on the automatic-one-year-dismissal deadline of section 263.401(a).[7]

Then in a later adversary hearing on December 19, the trial court signed a temporary order naming the Department as the temporary managing conservator of the children and naming Mother and Father as their possessory conservators. In the order, the trial court warned Mother and Father of the actions they needed to complete for their children to be returned to them, and it also warned that should they fail to comply with the order, their parental rights could be restricted or terminated. When simplified, the temporary order essentially required Mother and Father to do five things: (1) to submit to interviews by a psychologist or psychiatrist as required by the temporary order; (2) to attend and cooperate in counseling sessions as required by the temporary order; (3)

---

affidavit, serves as the clerk of the county courts at law in cases of concurrent jurisdiction. Tex. Gov't Code Ann. § 25.1722(a)(1), (e).

[7]*See* Tex. Fam. Code Ann. § 263.401(a).

to attend parenting classes as required by the temporary order; (4) to submit and cooperate in court-ordered drug and alcohol dependency assessments and testing as required by the temporary order; and (5) to comply with the Department's original and any amended family service plans during the suit. In a separate order, also signed on December 19, the trial court notified the parties that the one-year-statutory dismissal deadline fell on December 14, 2020.

In a hearing in October, the trial court set the case for trial on December 7, 2020. The December setting contemplated the parties would try the case to the bench. But that same month, Mother filed a jury demand. And in November, Father asked the court in a written motion to extend the case past the automatic-one-year-dismissal deadline, alleging *extraordinary circumstances* and *good cause* required doing so because the COVID-19 pandemic prevented him from completing his service plan and because the additional time would serve his children's best interest by allowing him to complete his family service plan so his family could "be reunified or [] a relative placement may be secured."

On November 30, the trial court conducted a pretrial hearing to consider the three pending motions: (1) the demand Mother filed to have

5

the case tried to a jury; (2) Father's motion to extend the automatic-one-year-dismissal deadline; and (3) the Department's objections to Mother's request for a jury.[8] When the hearing began, the trial court noted the court had read the parties' motions. Then the trial court asked whether the children were still together in the same foster home where they had been "for a while." The Department's caseworker confirmed the children were still together in the foster home. The court also asked whether the children's parents were together "at this time[.]" Father's attorney told the court it was her understanding the parents were together.

Next, Father's attorney told the trial court that Father also wanted the case tried to a jury. The Department did not object when Father told the trial court that he too wanted a jury trial. So even though the Department had filed objections to the jury demand Mother had filed for a jury before the hearing, it didn't object in the hearing to Father's demand, which he made for the first time. At that point, the trial court said: "All right. So I am going to go ahead and grant an extension." Even though no one asked the trial court to explain the specific reasons it was

---

[8]The Department didn't file written objections to Father's motion to extend the automatic-one-year-dismissal deadline, and it didn't object to Father's request in the hearing.

granting the extension, the trial court did make some statements in the hearing that show why it extended the deadline. The trial court said that since Mother and Father wanted a jury, the court "didn't have a choice" but to grant Father's motion to extend the deadline because the court couldn't "try a case within the first deadline based on COVID-related issues."[9]

After the automatic-one-year-dismissal deadline passed, the trial court signed an order and found "extraordinary circumstances necessitate the children, [F.S. M.S., and A.S.], remaining in the temporary managing conservatorship of the Department . . . and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children."

---

[9]While this case was pending in the trial court, several Texas Supreme Court Emergency Orders that resulted from the COVID-19 pandemic affected the trial court's deadlines. The appellants do not argue the trial court failed to comply with any of those orders. Later the trial court granted even more extensions, including one under section 263.403 of the Family Code, which allows trial courts to retain jurisdiction notwithstanding the provisions of section 263.401 pending the outcome of a child's monitored return. *See id.* § 263.403. That said, Mother and Father have not complained about the trial court's rulings on the later extensions and for that reason we have not addressed them in the appeal.

After the trial court granted several more extensions that are not at issue here, the trial in the case started on January 25, 2022. When the jury returned with its verdict, the jury found that Mother's and Father's rights should be terminated. As to Mother, the jury found her rights should be terminated on four grounds: (1) conduct endangerment; (2) condition endangerment; (3) failure to comply with her court-ordered family service plan; and (4) because she has a mental or emotional illness or mental deficiency that renders her unable to care for her children.[10] As to Father, the jury found his rights should be terminated on three grounds: (1) condition endangerment; (2) conduct endangerment; and (3) because he failed to comply with his court-ordered family service plan.[11] Together with the above findings, the jury answered separate issues and found that terminating Mother's and Father's rights is in the children's best interest. Relying on the jury's findings, the trial court signed an order terminating the parent-child relationships between the appellants and their three children.

---

[10] *See id.* § 161.001(b)(1)(D),(E), (O), and § 161.003.
[11] *See id.* § 161.001(b)(1)(D),(E), (O).

8

Standard of Review

The issue in this appeal is whether section 263.401 requires trial courts to make express findings either orally in a hearing or in a written order filed before the automatic-one-year-dismissal deadline expires.[12] Because this is an issue of statutory construction, the issue is a legal one and subject to de novo review.[13] When construing a statute, "we assume the Legislature chose statutory language with care, included each chosen word for a purpose, and purposefully omitted all other words."[14] "Our objective is to ascertain and give effect to the Legislature's intent, and the truest manifestation of what lawmakers intended is what they enacted."[15]

We note that unlike section 263.401, there are other instances in the Family Code where the Legislature requires trial courts to issue orders that include "a statement of" a required finding or an order that "states the reasons" for the trial court's findings.[16] Thus the Legislature

---

[12]*See id.* § 263.401.
[13]*In the Interest of D.S.*, 602 S.W.3d 504, 514 (Tex. 2020).
[14]*Id.*
[15]*Id.* (cleaned up).
[16]*See, e.g.,* Tex. Fam. Code Ann. § 261.504(b) (required findings when trial courts issue a protective order after finding a child is a victim

knows how to require trial courts to make findings of record when it wants to do so and to avoid requiring the findings required by its statutes to be implied.[17]

## Analysis

In separately filed briefs, Mother and Father argue that because the trial court did not sign an order granting Father's motion to extend the deadline before the deadline passed or make the findings required by section 263.401(b) to extend the deadline in the hearing, the case was dismissed by operation of law. They also argue that because the order the trial court ultimately signed was signed after the statutory deadline expired, the trial court's order didn't revive a case that had been automatically dismissed under section 263.401.[18]

The Department raises three arguments in response to the arguments raised in the appellants' briefs. First, it argues that *good cause* and *extraordinary circumstances* are not jurisdictional prerequisites to a trial court maintaining jurisdiction over the

---

of abuse or neglect a threat still exists); *id.* § 263.109(b) (when the trial court finds that visitation between a parent and child is not in the child's best interest).

[17]*See D.S.*, 602 S.W.2d at 514.

[18]*See* Tex. Fam. Code Ann. § 263.401(a), (b).

Department's suit. Second, it contends the only reasonable interpretation of the hearing on Father's motion to extend the automatic-one-year-dismissal deadline is that the trial court granted Father's motion. Third, it suggests the *good cause* and *extraordinary circumstances* findings, if required by the statute, may be implied from the hearing the trial court conducted on Father's motion from the pleadings before the trial court together with the record of the hearing.[19]

To resolve Mother's and Father's appeal, we must answer four questions. First, we must decide whether the Legislature made the statutory findings required by section 263.401(b) jurisdictional prerequisites to a trial court's retaining jurisdiction over suits to terminate a parent's relationship with their child. Second (no matter how we decide the first question), we must decide whether an oral ruling on a motion to extend the section 236.401 dismissal deadline if it is not memorialized in a written order or noted in the docket sheet is effective to extend the automatic-one-year-dismissal deadline. Third (if the record shows the trial court granted Father's motion), we must decide whether

---

[19] *See id.* § 263.401.

11

section 263.401 requires trial courts to state their findings orally or in timely-filed written orders, or instead whether the statutorily required findings may be implied when the trial court grants a motion to extend the statutory deadline and no one requested the trial court provide the parties with written findings. Fourth (if the required statutory findings may be implied from the ruling on the motion), we must decide whether the appellants have met their burden to show that when the ruling was made the pleadings and evidence do not support the trial court's implied findings of *extraordinary circumstances* and *good* cause.

First, we address whether, under the statute as currently written, *extraordinary circumstances* and *good cause* are jurisdictional prerequisites to a trial court's granting a motion to extend the automatic-one-year dismissal deadline under section 263.401(a).[20] Section 263.401 creates a clock, which requires trial courts to begin the trial of a case filed by the Department to terminate the parent-child relationship by the "first Monday after the first anniversary of the date the court rendered a temporary order appointing the [D]epartment as [child's] temporary managing conservator" unless an exception to the statutory deadline

---

[20]*Id.* § 263.401(a).

12

applies.[21] Before the trial court granted the extension at issue here, the automatic-one-year-dismissal deadline was December 14, 2020. The record shows the trial started on January 25, 2022, which was after the automatic-one-year-dismissal deadline unless based on what the trial court did in the November 2020 counts as a valid ruling granting a section 236.401 extension.

Mother and Father argue the final order terminating their rights is void because the trial court lost jurisdiction over the suit when, according to them, the trial court failed to comply with the requirements of section 263.401 in November 2020 and after that didn't sign a written order before the suit was automatically dismissed.[22] Under Texas law, a "judgment is void, rather than voidable when it is *apparent* that the court rendering judgment had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." (emphasis added).[23]

---

[21]*Id.*
[22]*Id.* § 263.401.
[23]*In the Interest of D.S.*, 602 S.W.3d at 512 (cleaned up).

Section 263.401(b) allows a trial court to retain a case like the Department's if a trial on the merits has not "commenced" by the automatic-one-year-dismissal deadline upon making two findings:

(1) "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the [D]epartment and that"
(2) "continuing the appointment of the [D]epartment as temporary managing conservator is in the best interest of the child."[24]

The Department argues the above two findings are not jurisdictional prerequisites to the trial court's maintaining jurisdiction over its suit. We disagree.

In 2021, the Texas Supreme Court said that "section 263.401(b) requires a court to make [*extraordinary circumstances* and *best interest findings*] as a prerequisite to granting an extension.[25] And we note that unless the trial court has started the trial by the automatic-one-year-dismissal deadline, the penalty that applies under section 263.401(a) is an automatic dismissal under section 263.401(a), absent an extension under section 263.401(b).[26] We further note that in 2017, the Legislature

---

[24]*See* Tex. Fam. Code Ann. § 263.401(b).
[25]*In the Interest of G.X.H.*, 627 S.W.3d 288, 298-299 (Tex. 2021).
[26]Tex. Fam. Code Ann. § 263.401(a), (b).

14

removed a waiver provision from chapter 263 that under the prior version of Chapter 263 allowed the parties to waive the provisions of chapter 263.401, but it left in the provision that parties to suits under chapter 263 "may not extend the deadlines set by the court under this subchapter by agreement or otherwise."[27] Given these provisions and the fact the parties cannot extend them by agreement or otherwise, which we presume includes by waiver, we conclude the Legislature intended to require trial courts to find *extraordinary circumstances* and *best interest* (leaving for later in the opinion whether the findings must be stated in an order or orally in a hearing or whether they may be implied) to retain a suit filed to terminate a parent's rights on the court's docket.[28] Thus sections 263.401(b) and 263.402, as currently written, apparently allow a party to collaterally attack a judgment terminating a parent's rights in the rare case when the automatic-one-year-dismissal deadline has passed and the trial court failed to state its *extraordinary circumstances* and *good cause* findings on the record even though it granted a party's request

---

[27]*Compare* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 13, 2017 Tex. Gen. Laws 733, *with* the current version at Tex. Fam. Code Ann. § 263.402.

[28]Tex. Fam. Code. Ann. 263.401.

to extend the statutory deadline.[29] While a court might question the wisdom of the policy behind creating a claim that a jurisdictional defect exists that allows a collateral attack on the order of termination, our responsibility is to decide whether the standard set by the Legislature has been satisfied, it is not our prerogative to impose a policy of our own.[30]

Second, we must decide whether an oral ruling on a motion to extend the section 263.401 dismissal deadline, if it is not memorialized in a written order or noted in the docket sheet before the suit is automatically dismissed, is effective to extend the automatic-one-year-dismissal deadline? Mother and Father concede, as they must, that the trial court orally granted Father's motion. The transcript from the November hearing shows that during the hearing the trial court said when ruling on Father's motion to extend the section 263.401 deadline: "I'm going to go ahead and grant the extension." That said, when granting the extension, the trial court didn't set a future trial date. The trial court did announce when the suit would next be automatically dismissed should a trial on the merits not occur by the date as extended based on

---

[29]*Id.* § 263.401(b); § 263.402.
[30]*See Univ. of Tex. v. Garner*, 595 S.W.3d 645, 651 (Tex. 2019) (per curiam).

Father's section 263.401 motion.[31] As to the future date of the trial, the court explained:

> I'm going to give the parents a jury trial if that is what they want. I will give it to them as quickly as I can. Now, unfortunately, I don't know when that is going to be [referencing COVID-19 restrictions then in place] on the jury trial process[.]

So was the oral extension without more effective to extend the automatic-one-year-dismissal deadline? In 2021, the Texas Supreme Court gave the bar and trial courts guidance about what section 263.401 requires. In *In the Interest of G.X.H.*, the Texas Supreme Court said a "trial court's failure to extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional."[32] Looking first to the trial court's docket sheet, we find no docket entries that mention the November 2020 hearing. Yet the appellate record includes a transcript of the November 2020 hearing, so we know a hearing on Father's motion occurred. So the question for jurisdictional purposes in deciding if there is a ruling in the record is whether it is *apparent* from the reporter's record that the trial court's oral

---

[31]Tex. Fam. Code Ann. § 263.401(b)(1).
[32]*In the Interest of G.X.H.*, 627 S.W.3d at 301.

ruling granting Father's motion to extend the section 263.401 deadline complied with the *or otherwise* requirements of *In the Interest of G.X.H.*[33]

We begin by noting that nothing in section 263.401 requires that trial courts sign written orders or note on their docket sheet how they have ruled on a motion seeking to extend the automatic-one-year-dismissal deadline. For purposes of jurisdiction, it is apparent from the court reporter's record of the November hearing that the trial court granted Father's motion to extend the automatic-one-year-dismissal. We conclude that by orally announcing it was granting the motion during the November hearing, the trial court complied with the *or otherwise* requirement of section 263.401 as to ruling on Father's motion as that requirement is described in *In the Interest of G.X.H.*[34]

Next, we turn to our third question: Does section 263.401 require trial courts to state their findings orally or in timely-filed written orders, or instead may the required statutory findings be implied when the trial court grants a motion to extend the statutory deadline and no one asks the trial court for written findings? Looking again to section 263.401,

---

[33]*See In the Interest of D.S.*, 602 S.W.3d at 512; *In the Interest of G.X.H.*, 627 S.W.3d at 301; Tex. Fam. Code Ann. § 263.401(b).
[34]*Id.*

nothing in the statute requires the findings required by the statute to be stated in in a written order.[35] We find nothing in section 263.401 where the Legislature required trial courts to state their *extraordinary circumstances* and *good cause* findings on the record by stating them in the terms the Legislature used in section 263.401.[36]

That said, we agree with Mother and Father that a court may not make the findings required by section 263.401 for the first time after the statutory deadline has passed.[37] Still, that conclusion doesn't resolve whether the required findings may be implied from the appellate record we have here.[38]

To support the claim that findings of fact may not be implied when the appellate record includes a reporter's record of the hearing conducted on a motion to extend the section 263.401 statutory dismissal deadline, the appellants rely on *In the Interest of J.*S., No. 05-21-00898-CV, 2022

---

[35]Tex. Fam. Code Ann. § 263.401.

[36]*Id.*

[37]*In the Interest of G.X.H.*, 627 S.W.3d at 301; *In the Interest J.R.T.*, No. 09-21-00361-CV, 2022 Tex. App. LEXIS 1781, at 9 (Tex. App.— Beaumont Mar. 17, 2022, no pet. h.) (mem. op.); *In the Interest of K.B.*, No. 09-19-00239-CV, 2019 Tex. App. LEXIS 10570, at *8 (Tex. App.— Beaumont Dec. 5, 2019, no pet.) (mem. op.).

[38]Tex. Fam. Code Ann. § 263.401 (a), (b); § 263.402.

Tex. App. LEXIS 1491 (Tex. App.—Dallas Mar. 3, 2022, pet. denied).[39]

But *J.S.*, in our opinion, is distinguishable on its facts. And even should it stand for the proposition it is cited for—that the required statutory findings under section 263.401 cannot be implied when there is a reporter's record of the hearing—opinions from our sister courts "are not binding on this Court."[40]

In *J.S.*, the parties appeared in court the day the case was to be tried, the same day that was the one-year-automatic-dismissal deadline under section 263.401(b).[41] During the pretrial proceedings that day, the Department asked the trial court "to find that it's in the child's best interest to remain in the care of the Department and extend the case so that it can be officially retained on the Court's docket."[42] From the

---

[39]After Father file his brief, he notified the court that the Department filed a motion for rehearing in *In the Interest of J.S.*, No. 05-21-00898-CV, 2022 Tex. App. LEXIS 1491, *6 (Tex. App.—Dallas Mar. 3, 2022, pet. denied). On August 22, 2022, the Texas Supreme Court requested a response from the respondent, which is due September 12. https://search.txcourts.gov/Case.aspx?cn=22-0420&coa=cossup (last checked September 7, 2022).

[40]*Rhinoceros Ventures Grp., Inc. v. Transcanada Keystone Pipeline, L.P.*, 388 S.W.3d 405, 409 (Tex. App.—Beaumont 2012, pet. denied).

[41]*In the Interest of J.S.,* 2022 Tex. App. LEXIS, at *6; Tex. Fam. Code Ann. § 263.401(b).

[42]*In the Interest of J.S.*, 2022 Tex. App. LEXIS, at *7.

information in the opinion, it does not appear the Department filed a written motion to extend the automatic-one-year dismissal deadline before the trial. And when the Department asked the trial court to extend the deadline, it does not appear the Department mentioned it was seeking an extension under section 263.401.[43] Add to that, the Department never asked the trial court to find that *extraordinary circumstances* required the child to remain in the Department's custody, and during the hearing, nothing was discussed by the parties or the court explaining why the trial court could not try the case that day.[44] When no one objected to the Department's request, the trial court found it was in the child's best interest to remain in its current placement and for the Department to remain the child's temporary managing conservator.[45] Later, after the automatic-one-year-dismissal deadline passed, the trial court signed a written order, which states *extraordinary circumstances* and *good cause* required extending the statutory deadline.[46]

---

[43]*Id.* at *6-7.
[44]*See id.* at *7 (emphasis added).
[45]*Id.*
[46]*Id.* at *8.

Based on a rather perfunctory record, the *J.S.* Court reasoned the record failed to show the trial court made the necessary *extraordinary circumstances* and *good cause* findings to extend the automatic-dismissal deadline.[47] In its analysis, the *J.S.* court noted that unlike the record *In in the Interest of G.X.H.*, the appellate record before them included a reporter's record but that their record didn't support a finding of *extraordinary circumstances.*[48] As a result, the *J.S.* Court held the trial court lost jurisdiction over the case when it was automatically dismissed, so it vacated the trial court's judgment and dismissed the trial court's order terminating the mother's relationship with her child.[49]

The record before us contains more than was in the appellate record before the *J.S.* Court, including a written motion containing allegations of *extraordinary circumstances* and *good cause*. As to extraordinary circumstances, Father's motion states "[t]he current COVID-19 pandemic certainly seems to fit the definition of extraordinary circumstances given that the public is called to maintain social distancing and avoid crowded public areas and events in order to prevent community transmission of

[47] *Id.* at *11.
[48] *Id.* at *6 (citing *In the Interest of G.X.H.*, 627 S.W.3d at 301).
[49] *Id.* at *11-12.

22

this highly communicable disease." The motion then describes the problems created by the COVID-19 pandemic in Father's ability to obtain the services he was ordered to complete to comply with his family service plan. As to best interest, Father's motion states his children's *best interest* would be served by retaining the case on the docket so that his family "may be reunified or so that a relative placement may be secured." On this record, we conclude that since the parties did not ask the trial court for written findings, the findings may be implied if the record before the appellate court supports the ruling the trial court made.[50]

So, we reach the fourth and last question: Have the appellants met their burden on the appellate record to show that the record the trial court had before it when it made its ruling is insufficient to support the trial court's implied findings of *extraordinary circumstances* and *good cause*?[51] In the absence of written findings, we must presume the trial court agreed with the *extraordinary circumstance* allegations in Father's

---

[50] *In the Interest of G.X.H.*, 627 S.W.3d at 299 (citing *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)); *see also* Tex. R. Civ. P. 299 (Omitted Findings).

[51] *See In the interest of G.X.H.*, 627 S.W.3d at 300 (noting that since the mother and father were the parties who were challenging the trial court's ruling, they bore the burden of proof in the appeal).

motion, because they were uncontested and the trial court granted the motion. We assume the trial court was aware of the condition of its docket and knew how covid-related conditions, which existed at that time, were restricting the court's ability to meet Mother's and Father's demand for a trial by jury by the December 2020 automatic-dismissal deadline unless the trial court granted Father's motion seeking a section 263.401 extension.[52] We also presume the trial court found *good cause* based on the allegations in Father's motion, allegations that were uncontested when the trial court granted the motion. And we assume the trial court was aware and had knowledge from the permanency hearings it had conducted before November 2020 that Father had made progress on completing his service plan but had encountered difficulty in completing some of the services his plan required for the reasons he asserted in his motion.[53] Simply put, on this record we must imply the trial court found

---

[52]*Id.* at 299; *Bradberry*, 526 S.W.3d at 480; *Marchand*, 83 S.W.3d at 795; *see also* Tex. R. Civ. P. 299 (Omitted Findings).

[53]*See* Tex. Fam. Code Ann. § 263.303 (requiring the Department to file a permanency progress report that provides the court with the information necessary for the court to conduct a permanency hearing and makes its findings and determinations under section 263.306); Tex. Fam. Code Ann. § 263.306(a-1) (requiring a court presiding over a permanency hearing to review the temporary orders, service plans, and permanency

24

*extraordinary circumstances* and *good cause* required extending the automatic-one-year dismissal deadline under section 263.401.[54]

Even though we have held section 263.401 didn't require the trial court to reduce its findings on Father's motion into written form or to state its findings orally in the hearing, we add that we agree with the Texas Supreme Court's observation that "section 263.401(b) findings [should be made] in a written order as a matter of course."[55] Of course, the trial court did not do that here, leading to an appeal that might have been avoided and arguably creating an avenue that would have allowed someone to attempt to collaterally attack the trial court's order even after it became final. But when trial courts don't provide parties with written findings, the omitted findings are presumed when the findings are supported by the record.[56] They are supported here.[57]

---

progress report); *In the Interest of S.J.S.*, No. 04-12-00067-CV, 2012 Tex. App. LEXIS 5090, at *6 (Tex. App.—San Antonio June 27, 2012, pet. denied) (mem. op.) (stating that courts may presume a trial court presiding over a parental termination case took judicial notice of family service plans in the record without a request being made and without an announcement that it had done so).

[54]*In the Interest of G.X.H.*, 627 S.W.3d at 299.

[55]*Id.*

[56]Tex. R. Civ. P. 299; *In the Interest of G.X.H.*, 627 S.W.3d at 299; *Marchand*, 83 S.W.3d at 795.

[57]Tex. Fam. Code Ann. § 263.401.

Conclusion

We overrule the sole issue Mother and Father raise in their respective briefs. We hold the trial court's order terminating Mother's and Father's parent-child relationship with F.S., M.S., and A.S. is not void for lack of jurisdiction as the appellants have claimed. For the reasons explained above, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted August 18, 2022
Opinion Delivered September 22, 2022

Before Kreger, Horton and Johnson, JJ.